IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RHONDA A. COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-50-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| WILMINGTON TRUST, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

DEFINITIONS AND INSTRUCTIONS

   A. The word "document" or "documents" as used herein is employed in the broadest possible sense and shall include without limitation the original and any non-identical copy of any written, printed, typed, photographic, recorded or graphic matter, however produced or reproduced, including but not limited to, any correspondence, memoranda, notes, logs, telegrams, videotapes, audiotapes, tape recording, reports, diaries, transcripts of telephone or other conversations or any other writings of any nature whatsoever, other photographic and retrievable matter (whether taped or coded, electrostatically, electromagnetically, or otherwise) in possession, custody or control of the above-named Plaintiff and/or her attorneys.

   B. "Person" refers to the plural as well as the singular of any natural person, firm, corporation, association, group, partnership or organization, unless specifically stated otherwise.

   C. "You" and "your," as used in this Request, shall mean the Plaintiff, her agents, and all other persons acting on her behalf, including her attorneys.

    D. If you claim that the attorney-client, attorney work product, or any other privilege applies to any document which is sought by this Request, then with respect to that document:

    (1) State the date of the document;

    (2) Identify the author(s) of the document;

    (3) Identify each and every person who prepared or participated in the preparation of the document;

    (4) Identify each and every person for whom the document was intended as either an addressee or the recipient of a copy;

    (5) Identify each and every person who has ever had possession of the document if other than the person identified in (4); and

    (6) State the factual and legal basis for the claimed privilege, or specific statutory authority which provides the claimed ground for non-production.

    E. This Request shall be deemed continuing so as to require further supplemental production in the event Plaintiff, or any attorney, agent, representative or professional employed by Plaintiff in connection with this litigation obtains or discovers additional documents between the time of initial production and the time of hearing or trial.

REQUESTS

    1. All audio or videotapes, tape recordings, notes, diaries, logs, calendars, chronologies, reports of investigation, and other documents taken, made, or prepared by you or on your behalf concerning any fact in issue in this case including without limitation summaries, statements, or recorded interviews of any person concerning any matter in issue in the pleadings.

2. All correspondence between Plaintiff and Defendant referring or relating to any of Plaintiff's claims against Defendant.

3. All correspondence between Plaintiff and any other person or entity (other than privileged documents) referring or relating to any of Plaintiff's claims against Defendant.

4. All documents which you contend form the factual basis for or support your contention that Defendant committed any wrongful act, unlawful discrimination, and/or unlawful retaliation.

5. All documents (including those that support any claim for punitive or liquidated damages) establishing, supporting, evidencing, referring or relating to any relief Plaintiff seeks in her Complaint, including but not limited to, all pecuniary or financial losses such as lost income, salary, bonus or other compensation, benefits, damages for personal or bodily injury or for emotional distress, and/or any injunctive or other non-pecuniary relief Plaintiff requests.

6. All documents which you filed with, or which were sent to you by, the Equal Employment Opportunity Commission ("EEOC"), Delaware Department of Labor ("DDOL"), and/or any other state, local or federal agency in connection with your claims against Defendant.

7. All documents which relate or refer to your employment with Defendant, including, but not limited to, all documents concerning any alleged changes in your working conditions, assignments, changes in your rate of pay, and evaluations or other documents concerning your performance.

8.  Copies of all medical records of each physician, psychologist, psychiatrist, or other health care provider for treatment or consultations with Plaintiff for physical or emotional injuries allegedly sustained as a result of the facts alleged in the Complaint.

9.  All income records for the past ten years, whether employed or self-employed, including copies of all federal and state income tax returns with attached schedules.

10. Copies of your most recent paystub(s) for any and all wages received during the current year.

11. All documents concerning your efforts to secure employment in any job or position made any time during or after your employment with Defendant, including without limitation correspondence, employment applications, resumes, curriculum vitae ("CV"), or biographical sketches sent to any prospective employer, employment agency, employment search firm, recruiter, temporary staffing firm, or vocational counselor and/or all documents you received from any prospective employer or employment agency.

12. Any documents describing and/or reflecting the value of benefits received from your current employer including health insurance, life insurance, pension or retirement benefits, 401(k) plans, and short-term and long-term disability insurance.

13. All reports, correspondence, letters or any other documents you have sent to or received from any person you have identified as an expert in connection with the facts in issue in the pleadings, including without limitation any such documents that you contend support any allegation you make against Defendant.

14. Any reports or other documents supplied to you by any person employed by you as an expert witness in this case including any documents containing opinions and/or facts on which opinions are based concerning any aspect of the matter in litigation.

      15.    Copies of any report or other documents by any person you contend is an expert containing opinions and/or facts on which these opinions are based concerning any matter in issue in this case.

      16.    All documents identified or referred to, in your answers to Defendant's First Set of Interrogatories Directed to Plaintiff.

      17.    Any other document or thing in your possession or available to you, in addition to the items specified in previous sections of this request for production which is relevant to any issue in the litigation, including but not limited to issues of liability and/or damages.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Sheldon N. Sandler*
Sheldon N. Sandler, Esquire (Bar I.D. 245)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
E-mail: ssandler@ycst.com
Attorneys for Defendants

DATED: March 14, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RHONDA A. COLEMAN | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-50-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| WILMINGTON TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

I, Sheldon N. Sandler, Esquire, do hereby certify that on March 14, 2008, I caused to be mailed two (2) copies of **Defendant's First Request for Production of Documents Directed to Plaintiff,** via U.S. First Class mail, postage pre-paid, to the following non-registered participant:

      Rhonda A. Coleman
      16 Meghan's Way
      Pennsville, New Jersey  08070

      YOUNG CONAWAY STARGATT & TAYLOR, LLP

      /s/  *Sheldon N. Sandler*
      Sheldon N. Sandler, Esquire (Bar I.D. 245)
      The Brandywine Building, 17th Floor
      1000 West Street
      P.O. Box 391
      Wilmington, Delaware 19899-0391
      Telephone: (302) 571-6673
      Facsimile: (302) 576-3330
      E-mail: ssandler@ycst.com
      Attorneys for Defendants

Dated:   March 14, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2008, I electronically filed Notice of **Defendant's First Request for Production of Documents Directed to Plaintiff** with the Clerk of Court using CM/ECF, and, on the same day, caused two (2) copies of such Notice to be deposited in the U.S. First Class Mail, postage prepaid to the following non-registered participant:

> Rhonda A. Coleman
> 16 Meghan's Way
> Pennsville, New Jersey 08070

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Sheldon N. Sandler*
Sheldon N. Sandler, Esquire (Bar I.D. 245)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
E-mail: ssandler@ycst.com
Attorneys for Defendants

DATED:  March 14, 2008